UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

JACOB & COMPANY WATCHES, INC.

                                                          Civil Action No.

                                                          04 CV 4436
                          Plaintiff,                      Judge Holwell
                                                          **ECF CASE**

v.

ABRAMOV & SONS, INC.; and, RUDY ABRAMOV,
YURI ABRAMOV, and, JOSEPH ABRAMOV

                          Defendants.
_____

# <u>COMPLAINT</u>

     Plaintiff, **Jacob & Company Watches, Inc.**, ("J & Co.") by its attorneys, as and for its complaint, allege upon information and belief:

<u>THE PARTIES</u>

     1.  Plaintiff **Jacob & Company Watches, Inc.** is a corporation organized and existing under the laws of the State of New York, with a place of business at 1196 Avenue of the Americas, New York, New York.

     2 (a).  Upon information and belief, Defendant **Abramov & Sons Inc.** is an entity of unknown character organized and exiting under the laws of the State of New York; having an address and place of business at 20 West 47th Street, 11th Fl., New York, NY; is transacting and doing business within this judicial district and has committed the acts complained of herein within this judicial district.

     2 (b).  Upon information and belief, Defendant **Rudy Abramov** is an individual

having an office and place of business at 20 West 47th Street, 11th Fl., New York, NY and is a

conscious, dominant and active force behind the wrongful acts of Defendant Abramov & Sons, Inc.

complained of herein; which wrongful acts he has engaged in for the gain and benefit of Defendant

Abramov & Sons and for his own individual gain and benefit.  **Rudy Abramov** is subject to the

jurisdiction of this Court pursuant to the laws of this State and Rule 4 of the Federal Rules of Civil

Procedure.

2(c).   Upon information and belief, Defendant **Yuri Abramov** is an individual

having an office and place of business at 20 West 47th Street, 11th Fl., New York, NY and is a

conscious, dominant and active force behind the wrongful acts of Defendant Abramov & Sons, Inc.

complained of herein; which wrongful acts he has engaged in for the gain and benefit of Defendant

Abramov & Sons and for his own individual gain and benefit.  **Yuri Abramov** is subject to the

jurisdiction of this Court pursuant to the laws of this State and Rule 4 of the Federal Rules of Civil

Procedure.

2(d).    Upon information and belief, Defendant **Joseph Abramov** is an individual having an office and place of business at 20 West 47th Street, 11th Fl., New York, NY and is a conscious, dominant and active force behind the wrongful acts of Defendant Abramov & Sons, Inc. complained of herein; which wrongful acts he has engaged in for the gain and benefit of Defendant Abramov & Sons and for his own individual gain and benefit.   **Joseph Abramov** is subject to the jurisdiction of this Court pursuant to the laws of this State and Rule 4 of the Federal Rules of Civil Procedure.

Defendants **Rudy Abramov, Yuri Abramov, Joseph Abramov** and **Abramov & Sons, Inc.** are hereinafter collectively referred to as "Defendants".

## JURISDICTION

3.   The first claim herein arises under the Federal unfair competition laws under the Federal Trademark Act of 1946, 15 U.S.C. §1051 et seq.  The second claim herein arises

under the Copyright Laws of the United States, 17 U.S.C. §101 <u>et seq.</u>

4.   The third claim herein arises under the Patent Laws of the United States, 35 U.S.C. 100, <u>et seq.,</u> and is to redress the infringement of a United States Letters Patent and, accordingly, subject matter jurisdiction for the third claim is conferred on this Court by virtue of 28 U.S.C. §1338 (a).

5.   The fourth claim herein arises under the law of unfair competition and the statutes of the State of New York and are claims joined with substantial and related claims under the Trademark Laws of the United States and, accordingly, subject matter jurisdiction for the fourth claim is conferred on this Court by virtue of 28 U.S.C. §1338 (b) and the doctrine of pendent jurisdiction.

6.   The fifth and final claim herein arises under the federal anti-dilution law, Lanham Act §43(c) (15 U.S.C. §1125(c)) and, accordingly, subject matter jurisdiction for this claim is conferred on this Court by virtue of 15 U.S.C. §1121, as well as 28 U.S.C. §1338 (a).

7.   Venue is founded on 28 U.S.C. §1338 (a) & (b) for original jurisdiction with regard to Trademarks, copyrights, Patents and unfair competition; §1391 (b) and (c) generally for Defendant's actions within the judicial district; and 28 U.S.C. 1400(a) for copyright and (b) for patent infringement within the judicial district.

## P<small>LAINTIFF'S</small> C<small>OPYRIGHTS AND</small> T<small>RADEMARKS</small>

8.   J & Co. has been designing artistic jewelry and watches made of precious metals and gems, such as gold, platinum and diamonds since about 1981, and have marketed its

artistic works to the general public since that time.

9.  J. & Co. under the creative direction and through the esteemed reputation of its principal, Jacob Arabov, has joined the ranks of the most prestigious and sought after high quality jewelry, watches and accessories within the United States and the world.  Jacob Arabov, as the principal of J & Co., has also come to be affectionately known in the marketplace as "Jacob the Jeweler". The products, and/or their packaging, all bear the signature trademark **JACOB & Co.**.

10.  J. & Co.  sells a wide variety of quality artistic products, including watches of stainless steel, platinum or gold and precious stones; fine jewelry; namely, bracelets, rings, necklaces and ornamental accessories.

11.  A staff of expert craftsmen, goldsmiths and other artisans manufacture and produce the products sold by J. & Co..  The level of expert workmanship exercised by these individuals is superior and conforms to the strict standards set by J & Co.

12.  Over the years, the products sold by J. & Co.  have generated sales of tens of millions of dollars.

13.  J. & Co.'s products are either custom made or sold in only the most prestigious stores.  In the United States, for example, J. & Co.'s products are sold in Bergdorf Goodman (in New York), and in Torneau (with stores in major cities nationwide).  J. & Co.'s products are also sold in fine boutiques throughout the United States.  In addition, J & Co.'s products are sold in select stores in Europe and in Asia.

14.  Works designed by J & Co. have been praised and recognized in numerous

5

articles appearing in both trade publications and publications directed to the general public.
These articles have acclaimed the high artistry in J & Co.'s designs and the uniqueness of the
designs.  J & Co.'s jewelry and watches were initially embraced by the late rap artist "The
Notorious B.I.G." who introduced its line to the Hip Hop and Hollywood celebrity scene. J &
Co.'s celebrity clients now include names such as Elton John, Jennifer Lopez, Madonna, Michael
Jordan, Mariah Carey, Sean "Puffy" Combs, Ozzy and Sharon Ozbourne and Beyonce Knowles.

      15.   Plaintiff J & Co. is the owner of the trademark **JACOB & Co.** and has been
granted trademark registrations from the United States Patent and Trademark Office for its name
and logo in connection with clocks, wrist watches and jewelry.

 Plaintiff's U.S. Trademark registrations include:

a)  JACOB & Co. Reg. No. 2,701,274

b)  J. & CO JACOB & CO. plus Design, Reg No. 2,676,899

      16.   The **JACOB & Co.** mark has come to identify, in the United States and
throughout the world, high quality jewelry and accessories designed and manufactured by J &
Co.. The most recent innovation of J & Co. has come to be known as the Five Time Zone Watch.
Inspired by the jet-set lifestyle of many of its clients, this unique diamond timepiece features four
chronographs offering the time in NY, LA, Tokyo and Paris, while the main hands are set to the
location of the wearer. The Five Time Zone Watch is produced in a variety of metals from
stainless steel to platinum, with an interchangeable diamond or flat bezel. The copyright of the
unique design and colorful design of the Five Time Zone Watch has been protected by Plaintiff

in Copyright registration number VA 1-130-830. A copy of Plaintiff's copyright registration is annexed hereto as Exhibit 1.

17.   J & Co. has duly complied in all respects with the provisions of Title 17 of the United States Code, and has secured the rights and privileges accorded to the works protected by the copyright laws.

18.   Additionally, J & Co. has obtained a design patent for the Five Time Zone, Multi-Face Watch from the U.S. Patent and Trademark Office; Patent No. D465,739.  Annexed hereto and identified as *Exhibit 2* is a copy of Plaintiff's U.S. design patent.

**DEFENDANTS' INFRINGING ACTIVITIES**

19.   After Plaintiff's design, manufacture and marketing of the Five Time Zone watch sold under Plaintiff's Jacob & Co. trademark, Defendants began manufacturing and selling a watch infringing upon Plaintiff's trademark rights, copyright rights and design patent rights. Pictures of Defendant's infringing watches are attached hereto as *Exhibit 3* ("Infringing Watches").

20.   Upon information and belief, Defendants' manufacture and sale of their infringing watches is a blatant attempt to capitalize on Plaintiff's global success of its Five Time Zone Watch.

21.   Defendants were contacted by counsel for Plaintiff in letters dated April 1, 2004 and April 29, 2004 respectively, advising them to cease and desist from such infringement. Defendants have intentionally and purposefully ignored these letters and continued to sell their

infringing watches of Plaintiff's registered designs and trademarks after having been put on such notice.

## C<small>OUNT</small> I - F<small>EDERAL</small> U<small>NFAIR</small> C<small>OMPETITION</small>

22.  This claim arises under the provision of the Trademark Act of 1946, 15 U.S.C. 1051, et seq.,  particularly under 15 U.S.C. 1125(a) and alleges the use in commerce of a false designation of origin and false or misleading description of fact and false or misleading representation of fact.

23.  By reason of the marketing and advertising of a collection of uniquely designed artistic jewelry and accessories over the years, the unsolicited press coverage generated for these products at the trade and consumer levels, and the unique look and quality of Plaintiff's Five Time Zone Watch, such watches are recognized by the trade and consumers as being products designed, manufactured and sold by J & Co by their mere look, style and design. J. & Co.'s Five Time Zone watches have created and maintained a look and style all of its own that incorporates, bright colors, precious stones and metals all in a carefully crafted time piece that is globally recognized as originating from J. & Co.

24.  The goodwill of the Plaintiff and favorable reputation residing in the J. & CO. Five Time Zone watch collection is a valuable asset belonging to Plaintiff, whose value does not lend itself to exact quantification but is clearly in excess of Thirty Million Dollars ($30,000,000).

25.  Defendants, with knowledge of the widespread recognition of the J. & CO. Five Time Zone watch collection among the relevant segment of the market and with the specific intent to exploit that recognition, have undertaken to make and sell substantially identical copies of Plaintiff's Five Time Zone watches.  It is Defendants' intention to rely on the advertising of Plaintiffs genuine Five Time Zone watch to move their infringing products and to have their ultimate purchasers believe that Defendants' copies are made by Plaintiff and that persons who see Defendants' copies being worn by Defendants' ultimate purchasers believe that the copies emanate from Plaintiff.

26.  By reason of Defendants' sale of copies of the Five Time Zone watch, the public has been and is being mislead as to the nature and quality of goods being sold by Defendants, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1051.

27.  By reason of the foregoing, Defendants have used in commerce, on or in connection with the goods and/or services, a false designation of origin, a false or misleading description of fact or false or misleading representation of fact, including words, terms, names, devices and symbols or a combination of thereof which is likely to cause confusion, or mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff or as to the origin, sponsorship, or approval of Defendants' products, services or commercial activities by Plaintiff with full knowledge of the falsity of such designations of origin or such descriptions or representations, all to the detriment of Plaintiff.

28.  Plaintiff has no adequate remedy at law and has suffered irreparable damage as a result of Defendants' acts as aforesaid in an amount thus far not determined, but believed to

be in excess of Four Hundred Thousand Dollars ($400,000).

### COUNT II: COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. §101 ET SEQ.

29.   As a complete and second ground for relief, Plaintiff hereby charges Defendants with copyright infringement under 17 U.S.C. §101 et seq. and hereby realleges and reasserts all of the allegations contained in paragraphs 1 through 27 as though fully set forth herein.

30.   As the owner of Copyright registration No. VA 1-130-830, Plaintiff is entitled to exclusively use these designs without the unauthorized use by third parties.  Given the widespread popularity of the Five Time Zone watch, Defendants had access to the authentic product and upon information and belief Defendants have knowingly infringed upon some or all of the unique designs incorporated within the Five Time Zone watch's copyright by advertising, distributing and selling piratical copies of the Five Time Zone watch to the public in violation of 17 U.S.C. §501.

31.   Defendants intentionally, knowingly and willfully copied some or all of Plaintiff's Five Time Zone Watch's unique designs to benefit from the widespread customer recognition and acceptance and to capitalize upon the market created by Plaintiff for these watches. The Five Time Zone design, color-coding and style of Defendants' watches undoubtedly have been copied from Plaintiff's original and copyrighted designs.

32.   A comparison of Defendants' copies of Plaintiff's copyrighted watch clearly reveals that Plaintiff's Five Time Zone watches were employed to manufacture the faces and cases used to make Defendants' copies.

33.  Upon information and belief, the aforesaid infringement by Defendants of Plaintiff's Copyrighted designs were and continues to be with the knowledge that such designs are copyrighted and Defendants, in doing the acts complained of herein, have willfully infringed upon Plaintiff's rights under the Copyright Laws of the United States, Title 17 U.S.C. §101, <u>et seq.</u>

34.  Defendants are selling their infringing watches at retail to consumers throughout the United States, including within this judicial district.

35.  Defendants' infringement of Plaintiff's Copyrighted designs is responsible for great and irreparable damage to Plaintiff, and Plaintiff is informed and believes as indicated, that Defendants will continue such infringement unless enjoined by this Court.

36.  Plaintiff has no adequate remedy at law and has suffered irreparable damage as a result of Defendants' acts as aforesaid in an amount thus far not determined, but believed to be in excess of Four Hundred Thousand Dollars ($400,000).

<u>COUNT III – PATENT INFRINGEMENT</u>

37.  As a complete and third ground for relief, Plaintiff hereby charges Defendants with patent infringement under the Patent Laws of the laws of the United States, and hereby realleges and reasserts all of the allegations contained in paragraphs 1 through 27, 29 through 35, as though fully set forth herein.

38.  On November 19, 2002, The United State Patent and Trademark Office granted Jacob Arabov U.S. Design Patent No. D465,739 S ("The Patent") which was assigned to J & Co. for its unique watch design entitled "Multi-Face Timepiece". Plaintiff's Patent, describes

and claims an ornamental design for Plaintiff's Five Time Zone watch.

39.  Since about 2001 J. & Co. has sold watches in accordance with the invention claimed in The Patent. Since its initial release Plaintiff has invested much of its profits into marketing and advertising the patented watches to ensure the continued success of its Five Time Zone Watch Collection. As a result, the multi-face Five Time Zone watches have enjoyed wide consumer acceptance and have become a commercial success.

40.  Upon information and belief, Defendants are engaged in the sale of watches which infringe upon Plaintiff's patent.

41.  Upon information and belief, Defendant has been producing infringing copies of Plaintiff's Five Time Zone watch patented design for the purposes of wrongfully benefiting from the success of such design.

42.  The activities of Defendants as aforesaid constitute an infringement of Plaintiff's Design Patent in violation of 35 U.S.C. 271.

43.  Plaintiff has no adequate remedy at law and has suffered irreparable damage as a result of Defendants' acts as aforesaid in an amount thus far not determined, but believed to be in excess of Four Hundred Thousand Dollars ($400,000).

### COUNT IV - COMMON LAW UNFAIR COMPETITION AND TRADEMARK INFRINGEMENT

44.  As a complete and fourth ground for relief, Plaintiff hereby charges Defendants with common law unfair competition under the laws of the State of New York, and hereby realleges and reasserts all of the allegations contained in paragraphs 1 through 27, 29

through 35 and 37 through 40 as though fully set forth herein.

45. Defendants' distribution and sale of their watches incorporating the distinctive designs of Plaintiff's Five Time Zone watch is likely to cause confusion between such products and the goods sold by Plaintiff, thus constituting an infringement of Plaintiff's valuable common law rights.

46. Upon information and belief, Defendants are "palming off" their watches as the high quality merchandise of Plaintiff, and are knowingly enabling others to do the same and is thus deliberately and knowingly misappropriating and diverting Plaintiff's valuable proprietary rights and goodwill, and the reputation symbolized thereby unfairly competing with Plaintiff.

47. Upon information and belief, Defendants' unfair competition has caused and, if allowed to continue, will continue to cause sales of Plaintiff's products to be lost and/or diverted to Defendants.  Further, Defendants' unfair competition has caused substantial and irreparable damage and injury to Plaintiff and in particular to their valuable goodwill and reputation, and unless enjoined by this Court, will continue to cause substantial and irreparable damage and injury to Plaintiff.

48. Plaintiff has no adequate remedy at law and has suffered irreparable damage as a result of Defendants' acts as aforesaid in an amount thus far not determined, but believed to be in excess of Four Hundred Thousand Dollars ($400,000).

## COUNT V - DILUTION

49.     As a complete and fifth ground for relief, Plaintiff hereby charges

Defendants with dilution and hereby realleges and reasserts all of the allegations contained in

paragraphs 1 through 27, 29 through 35, 37 through 40 and  44 through 48 as though fully set

forth herein.

50.     Defendants' advertising, promotion, offering for sale and sale of watches

comprising the unique look of Plaintiff's Five Time Zone Watches is likely to dilute the

distinctive quality of Plaintiff's name and injure Plaintiff's business reputation in violation of the

federal anti-dilution law, Lanham Act §43 (c), 15 U.S.C. §1125 (c).  Defendants' infringing

activities have been and are being committed willfully.

51.     Plaintiff has no adequate remedy at law and has suffered irreparable damage

as a result of Defendants' acts as aforesaid in an amount thus far not determined, but believed to

be in excess of Four Hundred Thousand Dollars ($400,000).


**WHEREFORE, Plaintiff demands:**

A.     that Defendants, their agents, employees, attorneys and all persons acting

in concert, participation or combination with Defendants, be preliminarily and permanently

enjoined from infringing upon and using J. & Co.'s copyrighted, patented and trademarked

14

designs owned by Plaintiff and from promoting, advertising and selling any product substantially similar to Plaintiff, or any work substantially similar to the copyrighted designs of Plaintiff's Five Time Zone Watch;

B.      that Defendants, their agents, employees, attorneys and all persons acting in concert, participation or combination with Defendants, be preliminarily and permanently enjoined from any work substantially similar to the copyrighted designs of Plaintiff's Five Time Zone Watch and from using any mark confusingly similar thereto; and from manufacturing, promoting, advertising and selling any products substantially similar to the copyrighted designs of Plaintiff's Five Time Zone watch and any mark confusingly similar thereto; and from impliedly or expressly representing any of the products sold by Defendants to be genuine J. & Co. products unless such is the case;

C.      that Defendants be required to pay to Plaintiff damages in a sum to be determined at trial and to account for all gains, profits and advantages derived by Defendants by the sale or advertisement of any product infringing on the Plaintiff's Five Time Zone watch or any mark confusingly similar thereto; represented or advertised by Defendants to be a genuine J. & Co. product or its equivalent;

D.      that Plaintiff be awarded statutory damages by reason of the infringement of Plaintiff's registered copyright;

E.      that Plaintiff be awarded damages by reason of the infringement of Plaintiff's Trademark rights design patent;

F.      that Plaintiff be awarded treble damages, punitive damages, reasonable

15

attorneys fees and the costs and disbursements of this action;

    G. that the products infringing on Plaintiff's Five Time Zone watch designs and any articles used to produce same, be recalled from all of Defendants' customers and be destroyed; and,

    H. that Plaintiff have such other and further relief as the Court deems just and equitable.

Dated: New York, New York
   June 9, 2004

             Respectfully submitted,

             TUCKER & LATIFI, LLP
             *Attorneys for Plaintiff*
             160 East 84th Street
             New York, NY 10028

             (212) 472-6262

              S/_____
             Robert L. Tucker (RLT 1027)

16